# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MONICA SWIFT MANNING, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) No. 4:22-cv-00557-NAB |
| MISSOURI DEPARTMENT OF SOCIAL SERVICES, et al., | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Monica Swift Manning for leave to proceed in forma pauperis. Upon consideration of the motion and the financial information provided, the Court concludes that plaintiff lacks the ability to pay the filing fee, and the Court grants the motion. Additionally, for the reasons discussed below, the Court dismisses this case pursuant to 28 U.S.C. § 1915(e)(2)(B).

### Legal Standard on Initial Review

This Court is required to review a complaint filed in forma pauperis, and must dismiss it if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a plaintiff need not allege facts in painstaking detail,

the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678.

## The Complaint

Plaintiff filed this case against the Missouri Department of Social Services and its employees Rita Wise, Michelle Koehler, and Tiffany Moore. Plaintiff states that she lost custody of her children on October 19, 2021 through May 3, 2022. She alleges she was not afforded due process of law and that she was discriminated against. She states paternity was never established by admissible evidence, yet her child E.O. was placed in protective custody with a man for five months. She states, "There were abuse, I was assaulted by Ria Wise." Plaintiff states she was not allowed to see or communicate with her children. She states an unnamed shelter refused to hire her and refused to provide day care services. She does not allege what damages or other relief she seeks.

## Discussion

This is the second time plaintiff has brought this case. On January 12, 2022, plaintiff filed a petition against these same defendants stating the same allegations. *Manning v. Mo. Dep't of Soc. Servs.,* No. 4:22-cv-46-SRC (E.D. Mo.) ("*Manning I*"). On April 13, 2022, the Court dismissed plaintiff's petition for failure to state a claim. Specifically, the Court stated that sovereign immunity barred plaintiff's claim against the Missouri Department of Social Services. As to the individual defendants, the Court found that plaintiff did not allege they engaged in any specific act or omission that would result in liability. Furthermore, plaintiff's claims against the individual defendants would be barred by the Eleventh Amendment because, in an official capacity, they are not "persons" capable of being sued. *Id.* at ECF No. 6.

Plaintiff has added one defendant to this case, Tiffany Moore. Plaintiff has not alleged any specific act or omission against Ms. Moore and has only sued her in her official capacity. Thus plaintiff's claims against Ms. Moore are subject to dismissal for the same reason her claims against the individual defendants in *Manning I* were subject to dismissal.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in the district court without prepaying fees or costs is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that plaintiff's claims against defendants are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel and motion for appointment of next friend are **DENIED as moot**. [ECF Nos. 3 and 4]

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 24th day of October, 2022.

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE